UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

MIRBEAU OF GENEVA LAKE, LLC,

        Plaintiff,

v.                                                   Case No. 08-CV-693

CITY OF LAKE GENEVA, ODD KRAUSE,
GARY DUNHAM, MARY JO FESENMAIER,
ARLEEN KROHN, LARRY MAGEE,
TOM SPELLMAN, DONALD TOLAR,
WILLIAM CHESEN, PENNY ROEHRER
and FRANK MARSALA,

        Defendants.
_____

## ORDER

On July 25, 2008, plaintiff Mirbeau of Geneva Lake LLC, ("Mirbeau"), filed a summons and complaint in Walworth County Circuit Court seeking declaratory judgment, a writ of certiorari and money damages. The complaint alleges that the named defendants violated Mirbeau's due process and equal protection rights under the United States Constitution and the Wisconsin constitution. Specifically, Mirbeau alleges that defendants denied its request for a zoning change without a fair and impartial hearing, that defendants actions were an arbitrary and capricious exercise of power, and that Mirbeau was treated differently than similarly situated applicants seeking zoning changes. On August 14, 2008, defendants filed a notice of removal to the United States District Court for the Eastern District of Wisconsin. On October 17, 2008, defendants moved to dismiss Mirbeau's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedures.

## BACKGROUND

In its complaint, Mirbeau alleges that the Lake Geneva Common Council (the "Common Council"), and more specifically its members named as defendants, illegally rejected Mirbeau's Zoning Amendment Application (the "Application"). In April of 2007, Mirbeau, a Wisconsin limited liability company, entered into a purchase and sale agreement to buy a piece of property located within the City of Lake Geneva. According to the complaint, Mirbeau and the seller of the property submitted the Application asking the Common Council to approve a mixed-use residential and commercial development on the property, and to alter the otherwise-applicable zoning restrictions. Mirbeau alleges that the Lake Geneva Plan Commission voted to recommend approval of the Application after holding a public hearing. Later, the Finance Committee of the Common Council allegedly recommended to the Common Council that the Council further investigate the Application, and that the Application be submitted to the public for a referendum.

Eventually, and allegedly against the advice of the Lake Geneva City Attorney, the Common Council voted to conduct an advisory referendum on the Application. Mirbeau alleges that it was not afforded adequate access to public fora in order to advocate its position for the referendum. According to Mirbeau's complaint, the referendum to approve the Application failed, and soon after the Common Council denied the Application. Mirbeau alleges that its contractual right to purchase the property in question expired as a result of the defendants' actions, and that it is now unable to construct its planned development.

## ANALYSIS

Before the court is able to address defendants' 12(b)(6) motion, the court must address the question of Mirbeau's standing to bring its federal claims. Unlike the circuit courts of Wisconsin, the federal courts are courts of limited subject matter jurisdiction. Under Article III of the Constitution, the judicial power of the federal courts extends only to actual "cases" or "controversies." *See Allen v. Wright*, 468 U.S. 737, 750 (1984). Included in this case-or-controversy limitation are the doctrines of mootness, ripeness, political question and standing. *Id.* While defendants have raised the issue of ripeness in their motion to dismiss, the court considers standing to be a necessary predicate question.

In order to have standing under Article III, a plaintiff must allege an injury in fact, that is "fairly traceable" to the complained-of conduct, and that is likely to be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). An injury in fact is one that is "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (Internal citations omitted). Put another way, a plaintiff must allege "a reasonable probability - not a certainty - of suffering tangible harm unless he obtains the relief that he is seeking in the suit" in order to establish constitutional standing. *MainStreet Org. of Realtors v. Calumet City, Ill.*, 505 F.3d 742, 744-45 (7th Cir. 2007).

Beyond the requirements of Article III, the court must also consider certain prudential concerns related to standing. Specifically, federal courts may decline to exercise jurisdiction where a plaintiff seeks to enforce another person's rights, or

where a plaintiff brings a generalized grievance more appropriate for representative branches of government. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11-12 (2004). The plaintiff's complaint must also "'fall within the zone of interests protected by the law invoked.'" *Id.* at 12 (quoting *Allen*, 468 U.S. at 751). The Seventh Circuit has also recognized that federal courts may decline jurisdiction where the victim bringing a claim is too remote from the alleged illegal conduct. *See MainStreet Org. of Realtors*, 505 F.3d at 746-48.

Based on the paucity of information in Mirbeau's complaint, the court is unable at this juncture to determine whether Mirbeau has standing to bring its federal claims in federal court. Specifically, Mirbeau's complaint does not adequately address the redressability of defendants' alleged illegal conduct, or whether Mirbeau is seeking to enforce its own rights as opposed to the rights of its counterparty to the expired purchase and sale agreement for the property in question. In its complaint, Mirbeau alleges the following:

> Mirbeau is an interested party to the Property by virtue of the April 23, 2007, Purchase and Sale Agreement, and had a substantive property right in the zoning classification of the Property. Mirbeau's contractual right to purchase 54.5 acres of the Property expired as a result of the illegal actions of the City and the City Defendants.

(Compl. ¶ 46, Docket #1). The complaint goes on to allege that Mirbeau is now unable to construct its planned development. (Compl. ¶ 56, Docket #1). These allegations do not address how a favorable decision by the court on the merits of the case would redress Mirbeau's alleged injury. Based on the complaint as it stands, any rights that Mirbeau asserts in developing the property in question appear to

-4-

depend entirely on the willingness of the property's owner, who is not a party in this case, to cooperate and proceed with the development. *Compare Miami Bldg. & Constr. Trades Council, AFL/CIO v. Sec'y of Defense*, 493 F.3d 201, 206 (D.C.Cir. 2007) (holding "'disappointment at having invested - and perhaps lost - time and money' in the proposed project, 'without more, is not enough' to establish standing") *with Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 261-63 (1977) (holding developer with contract to construct housing barred by alleged irrational and arbitrary zoning actions had standing to challenge such actions).

Thus, the court cannot address the merits of defendants' motion to dismiss without first resolving the issue of standing. Because the parties did not raise this issue in their briefs, and because defendants removed this case from state court, the court will grant the Mirbeau an opportunity to submit a supplemental brief to address whether it could amend its complaint to adequately allege its standing.

Accordingly,

**IT IS ORDERED** that the Mirbeau is hereby **GRANTED** leave to file a supplemental brief addressing the issue of standing within **twenty-one (21)** days of the filing of this order.

Dated at Milwaukee, Wisconsin, this 6th day of December, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-5-

Case 2:08-cv-00693-JPS   Filed 12/06/08   Page 5 of 5   Document 20