# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

MIRBEAU OF GENEVA LAKE LLC,

      Plaintiff,

v.                                            Case No. 08-CV-693

CITY OF LAKE GENEVA, TODD KRAUSE,
GARY DUNHAM, MARY JO FESENMAIER,
ARLEEN KROHN, LARRY MAGEE,
TOM SPELLMAN, DONALD TOLAR,
WILLIAM CHESEN, PENNY ROEHRER,
and FRANK MARSALA,

      Defendants.

_____

## ORDER

The law affords a district court considerable discretion in how to manage distinct claims in the course of civil litigation. The defendants, the City of Lake Geneva, Wisconsin ("City") and the members of the City's council, ask this court to stay discovery on one matter in the case in favor of resolving a different claim first. Finding the reasons for the defendants' proposed course of action unpersuasive, this court denies the motion and will allow discovery to proceed.

## BACKGROUND

The litigation in this matter began in the Wisconsin state court system in a Walworth County Circuit Court in July of 2008, with the plaintiff, Mirbeau of Geneva Lake LLC ("Mirbeau"), bringing an action seeking money damages, a declaratory judgment, a writ of certiorari, and attorneys' fees and costs against the defendants for their violations of Mirbeau's due process and equal protection rights under the

United States Constitution and the Wisconsin Constitution. The basis for Mirbeau's claims relates to the plaintiff's failed attempts, beginning in April of 2007, to develop 54.5 acres of land located in the City of Lake Geneva for commercial use, including a retreat center consisting of a "boutique inn, a spa, fine dining, retail, banquet and conference facilities, and single-family residential cottages." (Am. Compl. ¶ 18). In order to proceed with the project, Mirbeau needed the City to change the applicable zoning classification for the land in question from a "rural holding district" to a "planned development district." (Am. Compl. ¶ 18).

The late American humorist Will Rogers once remarked that "all politics is applesauce," WILL ROGERS, THE ILLITERATE DIGEST 30 (1924), and, if one believes Mirbeau's allegations, Rogers' assessment of American politics is particularly apt for the City of Lake Geneva. The plaintiff contends that illicit backroom dealings involving the defendant members of the City council led to the rejection of Mirbeau's zoning application. Specifically, the plaintiff alleges that the city council, motivated by "special interest groups" and "powerful and affluent individuals opposed to development of any kind in the City," (Pl's Resp. Br. 4) took the unprecedented action of imposing a public referendum on Mirbeau's zoning application, treating the plaintiff differently than other rezoning applicants without any rational basis. (Am. Comp. ¶¶ 31-32). The defendants removed the case to this district on August 14, 2008. (Docket #1). In a June 23, 2009 order, the court held that Mirbeau lacked standing to seek declaratory relief and dismissed the plaintiff's due process claim.

(Docket #32). However, the court allowed the plaintiff to proceed with its equal protection claim. (Docket #32). The defendants did not ask the court to dismiss the plaintiff's prayer for a common law writ of certiorari,[1] a remedy afforded by Wisconsin law to challenge municipal zoning decisions, leaving the equal protection claim and the writ of certiorari as the remaining issues in the litigation. The defendants now move the court to decide the certiorari action prior to Mirbeau's equal protection claim, staying discovery on the latter issue until the former is resolved, or, in the alternative, to remand the certiorari action to state court, staying the federal claim pending resolution of the certiorari review.

## ANALYSIS

Before discussing the merits of the defendants' motion, a brief discussion of the legal standards governing the two remaining claims is warranted, as an understanding of the scope and nature of the state law certiorari remedy and the equal protection claim brought under 42 U.S.C. § 1983 is necessary to resolve the present motion.

Wisconsin law affords a post-deprivation remedy in the form of judicial review by certiorari to any aggrieved party to a municipal proceeding that has resulted in a final determination. Wis. Stat. § 68.13. Certiorari review is extremely limited. Unlike civil litigation, which attempts to resolve a controversy between parties, the purpose of certiorari review is to merely test the validity of an agency's decision. *Hanlon v.*

---

[1] The court may exercise jurisdiction over the certiorari claim under the supplemental jurisdiction statute, 28 U.S.C. § 1367(a).

-3-

*Town of Milton,* 2000 WI 61 ¶ 22, 235 Wis. 2d 597 (2000); *Winkelman v. Town of Delafield,* 2000 WI App. 254 ¶ 3, 239 Wis. 2d 542 (Ct. App. 2000) ("Statutory certiorari review is not for resolving disputes.") Moreover, a presumption of "correctness and validity" is afforded to the municipal board's decision. *State ex rel. Ziervogel v. Washington County Bd. of Adjustment,* 2004 WI 23, ¶ 13, 269 Wis. 2d 549 (2004). Additional fact finding is not permitted by the trial court, as the court's scope of review is limited to the record produced in the proceeding below. Wis. Stat. § 68.13(2). When a court assesses a zoning decision by a local board upon certiorari review, the review is limited to: "(1) whether the municipal board kept within its jurisdiction; (2) whether the board acted according to the law; (3) whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question." *Hanlon,* 2000 WI 61, at ¶ 23 (citing *State ex rel. Ruthenberg v. Annuity & Pension Bd.,* 89 Wis. 2d 463, 472, 474 (1979)). In sum, in certiorari review, a court is only determining whether a municipal body has kept within the boundaries prescribed by the express terms of the ordinance, statute, or law of Wisconsin. *See State ex rel. Wasilewski v. Board of Sch. Dirs. Of City of Milwaukee,* 14 Wis. 2d 243, 263 (1961).

In sharp contrast, a claim brought under 42 U.S.C. § 1983 is a broad federal remedy creating liability "in favor of persons deprived of their federal civil rights by those wielding state authority." *Felder v. Casey,* 487 U.S. 131, 139 (1988) ("§ 1983

-4-

Case 2:08-cv-00693-JPS   Filed 10/02/09   Page 4 of 14   Document 58

provides 'a uniquely federal remedy against incursions . . . upon rights secured by the Constitution and laws of the Nation,' . . . and is to be accorded 'a sweep as broad as its language'") (internal quotations omitted).  In the land use context, the Supreme Court has recognized a valid § 1983 equal protection claim where a plaintiff alleges that a defendant acting under the color of law "intentionally treated [the plaintiff] differently from others similarly situated and that there was no rational basis for the difference in treatment."  *Willowbrook v. Olech,* 528 U.S. 562, 564 (2000).  Claims brought under § 1983 are governed by the full panoply of the Federal Rules of Civil Procedure and involve additional fact finding and a rigorous discovery process that typically accompanies civil litigation in the federal court system.  *Hanlon,* 2000 WI 61 at ¶ 24.

Given the legal standards animating Mirbeau's two remaining claims, the court proceeds to discuss the merits of the defendants' motion.

**A.      Deciding the Certiorari Issue Before the Equal Protection Claim**

Rule 26 of the Federal Rules of Civil Procedure vests a trial judge with "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir.2002).  The court may limit the time, place, and manner of discovery, and may even bar discovery altogether on certain subjects.  *Id.*  Part (d) of Rule 26 states that a court may control the sequence and timing of discovery "for the convenience of the parties and witnesses and in the interests of justice."

Fed. R. Civ. P. 26(d). In sum, "these provisions create many options for the district judge . . . to facilitate the prompt and efficient resolution of the lawsuit." *Crawford-El*, 523 U.S. at 599. The initial issue presented to the court is whether having the court proceed with the certiorari action first, delaying discovery on the equal protection issue, would help advance the fair and efficient conclusion to this litigation.

Here, the defendants make three arguments as to why the court should proceed with the certiorari action before allowing discovery on the equal protection claim. The City raises two prudential concerns that propel their motion. First, the defendants argue that if certiorari review proceeds it would obviate the need for litigating the equal protection claim, as the standards for certiorari review overlap with the requirements to claim a denial of the right of equal protection under the law in the context of a land use dispute. The court disagrees. While a decision of a municipality regarding zoning that denies an individual equal protection under "would certainly constitute an arbitrary decision and would demonstrate" that the municipality failed to act under a "correct theory of law," *Hanlon v. Town of Milton*, 186 F.3d 831, 834 (7th Cir. 1999), the standards guiding certiorari review restrict factual inquiry such that judicial review can only shed light on a limited version of an equal protection violation, one that is only apparent upon examination of the municipal record. If a municipality acted arbitrarily or failed to follow a "correct theory of the law," but the municipal record failed to fully demonstrate such illegality, the trial court performing certiorari review is required to affirm the decision of the

-6-

municipality. Here, the plaintiff has alleged that the official municipal record is inadequate to illustrate the City's violations of the law. Instead, Mirbeau argues that "under the table deals" and "back room negotiations" resulted in the rejection of the plaintiff's request for a zoning change. (Am. Compl. ¶ 23). Given this, the court fails to see how certiorari review, with its limited scope, can resolve the issues propelling the equal protection claim.

Second, the defendants, acknowledging the limitations imposed by certiorari review on the trial judge,[2] contend that it would be "difficult, if not impossible, to limit an evaluation to just the record of the agency when other evidence and claims are pending in the same case," requiring the court to resolve the certiorari action before allowing discovery to go forward on the equal protection matter. (Def's Br. 6). The court recognizes that the scope and purposes of the certiorari action are limited in form relative to the § 1983 action. However, the court fails to understand why this tribunal is incapable of resolving the different factual and legal issues influencing the two remaining claims. The law on the nature of certiorari review limits the review to the official municipal record and the case law is relatively clear on what the trial judge must evaluate when looking at the municipal record and what presumption the court must afford to the validity of the municipality's decision. Resolving multiple causes of action with different legal standards and scopes is commonplace for this

---

[2] The Court finds this acknowledgment strange, if not ironic, given the defendants' first argument regarding how certiorari would resolve the equal protection matter.

-7-

Case 2:08-cv-00693-JPS   Filed 10/02/09   Page 7 of 14   Document 58

court.[3] Moreover, any additional complications created by having the court resolve both legal issues simultaneously is outweighed by the harm resulting from further delaying discovery on the equal protection claim, preventing the ultimate resolution of the case.

Finally, the defendants, all but in passing in their brief, raise a legal objection to proceeding with discovery on the equal protection claim. The defendants, citing a 1952 Wisconsin Supreme Court case, argue that Wisconsin law requires the court exercise certiorari review before proceeding to any other legal claims. (Pl.'s Br. 5) (citing *Jefferson County v. Timmell,* 261 Wis. 39, 64, 51 N.W. 2d 518 (1952)). The defendants fail to explain the rationale behind such a rule, and it is with little doubt why they chose not to provide an adequate explanation: no such rule of exhaustion for a writ of certiorari exists under Wisconsin law. In *Timmell,* a property owner challenged the county's enforcement of a zoning ordinance that prohibited his proposed use for his land. In turn, the county argued that the property owner was barred from advancing his claim in litigation because he did not appeal the county clerk's refusal to grant his application for a building permit to the Board of Adjustment, an appeals board created by law. *Id.* The court in *Timmell* agreed with

---

[3] The court also notes that if an issue arises such that the court has difficulties contemplating the two claims simultaneous, Wisconsin law allows a trial court the option of being able to "appoint a referee to take evidence and report findings of fact and conclusions of law as it directs" in certiorari review. Wis. Stat. § 62.23(7)(d)(10). Moreover, the plaintiff has requested a jury trial for the civil claims in this case. (Am. Compl. 22). If the case proceeds to trial, a jury would evaluate the evidence regarding the § 1983 claim. The court would review the City's denial of the Zoning Amendment Application by writ of certiorari. Such a result, with separate entities reviewing the facts related to each legal claim, would alleviate much of the defendants' concerns.

-8-

the county and concluded that "if a zoning ordinance provides for an appeal" that remedy is "exclusive of all others and must be exhausted before a party can resort to other relief."[4] *Id.* As there is no ordinance or statute that the defendants have directed to the court's attention to that provides for an appeal of the City's decision to a non-judicial body, the court fails to see why *Timmell* is relevant to this case, let alone instructive on the defendants' assertion regarding the exclusivity of certiorari review.

Given that the arguments for delaying discovery to first decide the certiorari claims are unavailing, the court proceeds to examine the merits of the defendants' alternate course of action for the court – staying the case and remanding it to state court for resolution of the pendant claim.

**B.  Staying the Federal Action and Remanding the Certiorari Claim to State Court**

The court exercises supplemental jurisdiction[5] over the claim for certiorari review, a state law remedy. A federal court has discretion to decline to exercise

---

[4] This quote from *Timmell* is the quote the defendants attributed to the proposition that the writ of certiorari required some sort of exclusive focus by this court. (Def's Br. 5).

[5] As a reminder, 28 U.S.C. § 1367 provides for supplemental jurisdiction over state law claims that are so related to the claims over which the court has original jurisdiction, so as to be part of the same case or controversy.

-9-

supplemental jurisdiction over a claim.[6] In addition, "a district court may remand distinct aspects of the litigation to state court, even while federal issues are resolved in the federal tribunal." *Cadleway Props. v. Ossian State Bank*, 478 F.3d 767, 769 (7th Cir. 2007).

Accordingly, the defendants have asked this court to remand Mirbeau's Writ of Certiorari claim to state court, staying the federal equal protection claim until certiorari review has concluded. In support of their motion, the City and the members of the City's council argue that the plaintiff's claim raises "novel and unsettled questions of state law" which "predominate" the matter and that the federal claim in this case is merely "an appendage" to the state law claim regarding land use regulations, necessitating that the court remand the certiorari issue for resolution in a state court. (Def's Br. 9-10).

The court does not find remanding the case to a state court for certiorari review and staying the federal claim either necessary or beneficial. There is no apparent advantage to resolving the writ of certiorari issue in state court before this court proceeds with the federal claim. As discussed earlier, certiorari review and the § 1983 claim are distinct legal actions, and immediately commencing the

---

[6] 28 U.S.C. § 1367(c) provides: The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
   (1)   the claim raises a novel or complex issue of State law,
   (2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
   (3)  the district court has dismissed all claims over which it has original jurisdiction, or
   (4)  in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

certiorari review would not dramatically resolve the issues propelling the equal protection claim because of the restrictive nature of certiorari review. To support their argument for remanding the action to state court, the defendants quote at length from the decision in *West Coast, Inc. v. Snohomish County,* 33 F. Supp. 2d 924 (W.D. Wash. 1999), a case where the plaintiff permit applicant asserted several state tort law claims and a related § 1983 claim against the defendant county that rejected his application. *Id.* at 925. Ultimately, the *West Coast, Inc.* court stayed the federal cause of action and remanded the case to a state court for resolution of the pendant claims, finding that state proceedings on the state tort claims would "inform and possibly control many of the findings regarding the § 1983 claim." *Id.* Unlike in that case, here, certiorari review will do little to inform the findings of Mirbeau's equal protection claim, which are premised upon facts that a state court would be prohibited from exploring in certiorari review.

In addition, the defendants' contention that the suit is essentially a state law case is unavailing. Unlike in *Pomponio v. Fauquier County Bd. of Supervisors*, 21 F.3d 1319 (4th Cir. 1994), *Nelson v. City of Rochester*, 492 F. Supp. 2d 282 (W.D.N.Y. 2007), and *City of New Rochelle v. Town of Mamaroneck*, 111 F. Supp. 2d 353 (S.D.N.Y. 2000), cases cited by the defendants for the proposition that a federal court should abstain from adjudicating land use cases, here, the plaintiff's equal protection claim does not "stem solely from a construction of state or local land use or zoning law." *Pomponio,* 21 F.3d at 1328. For example, in *Pomponio,* the

-11-

plaintiff sued local authorities after they rejected his land development proposal on the premise that the plan did not comply with local zoning ordinances. *Id.* at 1328. In his federal suit, Pomponio argued that the municipal board had "wrongfully disapproved of his plan by misapplying the [state's] laws." *Id.* Unlike in *Pomponio* and the other similar cases cited by the defendants, in this case, the zoning ordinances provided the City council with discretion to approve or disapprove of a zoning change request, discretion the plaintiff alleges was abused when raw political interests motivated the defendants to treat Mirbeau differently from other rezoning applicants without any rational basis. (Am. Compl. ¶ 23). There are no questions of interpretation of state law at issue in this case, and, as such, there is no reason for this court to remand the certiorari issue.[7]

The court's inquiry does not end at its rejection of the defendants' arguments for remanding the pendant claim in this case. As the Supreme Court has noted, the doctrine of supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966). Here, however, the court finds it advisable to maintain the certiorari action with the federal § 1983 claim, as remanding the certiorari claim would inconvenience both parties by having the litigation occur in two separate forums.

---

[7] The defendants assert that the city's land use decision raises important state and local interests, but, assuming the plaintiff's allegations to be true, there were no legitimate local interests that motivated the defendants' actions. Just as a plaintiff cannot "cloak" a state law cause of action in a federal constitutional claim, *Pomponio,* 21 F.3d at 1326, neither can the defendant cloak conduct that allegedly violates the equal protection clause of the United States Constitution by labeling it as "land use" decision by a municipality devoid of any federal interest.

-12-

In closing, the court notes that the defendants have never made a motion to dismiss Mirbeau's remaining state law claim. Given the centrality of the equal protection issue to the allegations made in the plaintiff's complaint, the limited nature of certiorari review, and the questionable validity of Mirbeau's prayer for a writ of certiorari,[8] the court strongly encourages the parties to expeditiously resolve the certiorari claim while proceeding with discovery on the equal protection issue.

Additionally, the court is aware that the parties submitted a proposed scheduling order on the same date that the defendants filed their motion to stay the litigation. The court, having resolved the defendants' motion in the plaintiff's favor, now asks the parties to modify their proposed scheduling order, as that order did not contemplate the court having to resolve a major outstanding motion. Upon receipt of the new, mutually agreed upon schedule, the court will approve the proposed order.

Accordingly,

**IT IS ORDERED** that defendants' Motion to "Decide the Certiorari Action Prior to Mirbeau's Equal Protection Claim or in the Alternative to Remand the Certiorari

---

[8] Mirbeau sought certiorari review in their original complaint in the Walworth Circuit Court on July 25, 2008. However, the final vote by the City Council to deny the Plan Commission's recommendation for approval occurred on April 28, 2008. (Am. Compl. ¶ 47). The court notes that Wisconsin law only allows a motion for certiorari review of a municipal body's decision to occur within 30 days of "receipt of the final determination" by that body. *See* Wis. Stat. § 68.13(1); *see also* Wis. Stat. § 62.23(7)(d)(10). Without the benefit of the adversarial process to illuminate the issue, it seems questionable, on the face of the statutes, whether a writ of certiorari was demanded in a timely fashion in this case.

-13-

Case 2:08-cv-00693-JPS   Filed 10/02/09   Page 13 of 14   Document 58

Action and Stay the Federal Claim Pending Resolution of the Certiorari Action" (Docket #37) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's Motion for "Leave to File Supplemental Pleadings" (Docket #51) be and the same is hereby **DENIED** as moot.

Dated at Milwaukee, Wisconsin, this 2nd day of October, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge