# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

MIRBEAU OF GENEVA LAKE LLC,

        Plaintiff,

  v.                                                       Case No. 08-CV-693

CITY OF LAKE GENEVA, TODD KRAUSE,
GARY DUNHAM, MARY JO FESENMAIER,
ARLEEN KROHN, LARRY MAGEE,
TOM SPELLMAN, DONALD TOLAR,
WILLIAM CHESEN, PENNY ROEHRER,
and FRANK MARSALA,

        Defendants.

_____

# ORDER

      This order addresses the latest skirmish in the litigation over the attempted development of land in the City of Lake Geneva. As a reminder, the plaintiff, Mirbeau of Geneva Lake LLC ("Mirbeau"), brought suit in this case alleging that the defendants, the City of Lake Geneva ("City") and members of the City's council, in rejecting Mirbeau's application for a zoning change permit, conspired in a series of back room deals to treat the plaintiff differently from other similarly situated applicants without any rational basis, resulting in a denial of equal protection of the law for Mirbeau as guaranteed by the Fourteenth Amendment to the United States Constitution. (Am. Comp. ¶¶ 31-32). The court, having denied the motion of the defendants to stay the litigation (Docket #58) on October 2, 2009, proceeds to resolve two discovery disputes between the parties regarding plaintiff's attempts to:

(1) compel the disclosure of the defendants' electronically stored information ("ESI"); and (2) schedule depositions of four of the defendants in the case.

**Motion to Compel Discovery of Electronically Stored Information**

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. The Court has broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines Inc.*, 95 F.3d 492, 496 (7th Cir. 1996). The court should consider "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Patterson v. Avery Dennison Corporation*, 281 F.3d 676, 681 (7th Cir. 2002).

The advisory notes to the Federal Rules of Civil Procedure indicate that the federal rules take an "expansive approach toward discovery of ESI and that "discovery of [ESI] stands on equal footing with discovery of paper documents." Fed. R. Civ. P. 34(a), advisory notes. ESI must be produced, "translated, if necessary by the respondent into a reasonably usable form." Fed. R. Civ. P. 34(a). It is not a valid ground for objection that "relevant, non-privileged, electronic data can be produced in paper form, when the requesting party has specified product in an

electronic format." *Auto Club Family Ins. Co. v. Ahner*, No. 05-5723 Section "J"(2), 2007 U.S. Dist. LEXIS 63809, *11 (E.D. La. Aug. 29, 2007) (citing *Rowe Entm't, Inc. v. William Morris Agency, Inc.*, 205 F.R.D. 421, 428 (S.D.N.Y. 2002)). Moreover, ESI must be produced in the form in which it is "originally maintained." Fed. R. Civ. P. 34(b)(2)(E)(ii). However, the federal rules do not give a party the "right to conduct its own search of [another party's] electronic devices. *Henderson v. United States Bank, N.A.*, No. 08-CV-0839, 2009 U.S. Dist. LEXIS 40968, *4 (E.D. Wis. Apr. 29, 2009). Instead, in facilitating the production of ESI, the federal rules "allow the responding party to search his [or her] records to produce the required, relevant data." *In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003). Only if the moving party can actually prove that the responding party has concealed information or lacks the expertise necessary to search and retrieve all relevant data, including metadata or residual data, is it proper for the moving party to initiate the searches of the other party's ESI. *Id.* Given the legal standards animating disputes over the production of ESI, the court proceeds to examine the merits of the specific arguments proffered by each side.

On July 2, 2009, the plaintiff filed a motion to compel discovery of ESI, specifically asking this court to compel the defendants to "produce their computers and other electronic storage devices" for forensic examination. (Docket #39). In the July motion, the plaintiff makes two main arguments. First, Mirbeau contends that the defendant's offer of providing Mirbeau with emails in "paper form" is insufficient,

-3-

as it does not provide "all the relevant information stored in electronic form" associated with a document, requiring Mirbeau to have access to the defendant's actual electronic equipment for forensics analysis. Second, Mirbeau raises the concern that the ESI related to the current litigation is not being properly preserved or produced by the defendants. On September 29, 2009, the plaintiff reinforced its latter argument in a "motion to sequester electronic storage devices," which the court will treat as a supplement to the July motion, as both motions ask for the same end result. (Docket #52). In the September motion, propelled by information revealed during the deposition of William Chesen, a defendant and the current mayor of Lake Geneva,[1] Mirbeau voiced fears that the defendants may be actively destroying ESI. (Docket #52).

The defendants responded to the plaintiff's original motion, arguing that the plaintiff failed to make any showing of need for sequestering all of the electronic devices of the defendants. Moreover, the defendants contend that the plaintiff's request is overly burdensome, as it requires the immediate sequestration of all of the City's electronic equipment. (Def's Br. 2-3). The defendants also voice concerns that there have been few offers or suggestions by the plaintiff regarding alternatives to sequestering all of the defendant's electronic equipment at once. (Def's Br. 1).

---

[1] In his deposition, Chesen attributed the quote "hard drives are being deleted as we speak" to himself referencing the actions of defendants Spellman, Roehrer, and Fesenmaier in response to the discovery process. (Pl.'s Br. 3).

-4-

The court will not grant the plaintiff's motion. The court finds that the plaintiff's first argument for the motion is unavailing: while receiving a "paper form" of the electronic communication from the defendants may be less helpful than an electronic form, the plaintiff has failed to demonstrate why a more rigorous discovery process, with extensive forensics analysis of the computers by the plaintiffs, is needed in this case.² Mirbeau has failed to identify what type of information it hopes will be discovered through the forensic mapping of the entire City's computer system, and Mirbeau has not explained that the information it is requesting would be in the form in which the defendant's ESI is normally maintained.

However, the second argument raised by the plaintiffs regarding the risk that ESI is neither being preserved or produced by the City is significant. The discovery undertaken by the plaintiff so far reveals that there has been no formal, organized attempt by the defendants to procure electronic communication regarding the Mirbeau matter. This is particularly noteworthy given that the plaintiff has alleged the defendants conspired in secret, including through private electronic communication, to ensure the defendant's zoning application was rejected. Discovery of electronic communication is at the heart of this matter. The current process of having

---

² This is not to say that the plaintiff is incapable of ever making such a demonstration. Nearly one-third of all electronically stored data is never printed out. *See Rowe Entm't, Inc.,* 205 F.R.D. at 428 (citing Corinne L. Giacobbe, "Allocating Discovery Costs in the Computer Age: Deciding Who Should Bear the Costs of Discovery of Electronically Stored Data," 57 Wash. & Lee L. Rev. 257, 259 (2000)). Moreover, if the plaintiff's allegations regarding the nefarious nature of the City's council member's communications are true, it is unlikely that the communications were memorialized in paper form or in some standard electric form. In sum, the defendants should not assume that providing the plaintiff with a "paper print off" of select emails is sufficient.

-5-

individual defendants "click through" their emails to search for communications related to the litigation does not meet the level of diligence required for a fair discovery process. (Pl's Br. 6). To be sure, from the record before the court, it is apparent that the defendants have been less than serious in fulfilling their obligations with respect to plaintiff's discovery requests related to ESI.[3] By the same token, the court is equally troubled by the nature and scope of the ESI discovery requests plaintiff has directed to the defendants. Indeed, plaintiff seeks immediate sequestering of all of the City's electronic storage equipment. If granted, plaintiff's motion would allow its own agents to do intrusive searches on any number of computers, resulting in unnecessary disruptions to a significant number of individuals.

Primarily motivating the court's decision to deny the plaintiff's motion is the apparent fact that neither party appears to have advanced any alternative proposals regarding acceptable discovery methods or media formats in which to distribute the ESI relevant to the litigation other than the two extreme positions advocated by each side. (Def.'s Brief 1). It comes as no surprise that the plaintiff is alarmed by the City's haphazard method of providing Mirbeau with ESI on the matter. Nor is it unexpected that the defendants have objected to Mirbeau's motion for the immediate sequestering of the defendants' electronic devices to be searched by the plaintiff's

---

[3] Going forward, the defendants will need to contemplate having someone organize the effort to fairly and effectively produce relevant ESI in its regularly accessed form for the plaintiff. This may require hiring an outside party to provide such a service.

-6-

agent. That said, what is more relevant to the court's analysis is the fact that it appears that the parties have had very few discussions with the goal reaching a middle ground, rather than extremes. Neither party has submitted anything to the court that indicates the parties discussed in detail any compromises regarding a myriad of issues that in the final analysis are better left for resolution by the parties, rather than the court.[4] Simply put, open and candid discussions need to begin forthwith regarding the completion of discovery of the defendants' ESI. Nothing is to be gained by the distraction of the parties' resources through invoking the court to police discovery disputes. The dismissal of the defendants' motion to stay the litigation and the necessity to submit a refined scheduling order provides an opportunity for the parties to contemplate a new way forward to complete the balance of relevant discovery in this case. As such, the court expects counsel and their respective clients to seize the opportunity and develop a meaningful discovery plan related to the defendants' ESI.

Finally, the court notes that if relevant evidence is being destroyed, the court will not hesitate to impose appropriate sanctions for a failure to act in good faith in the discovery process. Any such activity would be viewed as a "clear record of delay or contumacious conduct" requiring severe penalties to be imposed by this court

---

[4] While not intended to be all inclusive, the parties need to contemplate: (1) what different methods could be used to find ESI relevant to this litigation; (2) whether neutral parties could be procured to run scans on the electronic devices of the defendants; (3) whether the searches for ESI could be staggered, such as not to disrupt the City's ability to function; (4) whether the searches could be narrowed such that they are focused only on certain parties and certain dates; and (5) what methods need to be in place to ensure that the privacy rights of third parties are not adversely affected during the discovery process.

-7-

including the potential for default judgment. *Marrocco v. General Motors Corp.,* 966 F.2d 220, 222 (7th Cir. 1992).

**Motion to Quash Notices of Deposition and Subpoenas of Defendants Fesenmaier, Magee, Spellman, and Roehrer**

On September 30, 2009, defendants filed a motion to quash notices of depositions and subpoenas for four of the defendants in the litigation: Mary Jo Fesenmaier ("Fesenmaier"), Arleen Krohn ("Krohn"), Tom Spellman ("Spellman"), and Penny Roehrer ("Roehrer"). The notices of deposition would have required appearances for deposition on October 1, October 2, October 7, and October 8, 2009, respectively. The defendants also seek an order for costs and the actual attorney fees associated with having to defend the motion to quash.

To support their motion, the defendants' attorneys argue that they have recently discovered a potential conflict of interest with continuing the representation of Fesenmaier, Krohn, Spellman, and Roehrer, requiring "investigation and resolution prior to the conducting of further discovery." (Def.'s Mot. 2). Specifically, the defendants contend that defendant William Chesen ("Chesen"), in his capacity as Mayor of the City, has issued written charges against the four aforementioned City council members for violations of Wisconsin's Open Meetings law, raising a potential conflict of the defendants' attorneys' interests as to whether they can continue to represent all of the named defendants at once. (Pl.'s Br. 5). The defendants further argue that allowing a deposition to occur before the conflict issue is resolved would subject the defendants in question to an undue burden.

-8-

Furthermore, the City's attorneys contend that the court should award the defendants the costs of the motion, because the plaintiff has allegedly failed to take "reasonable steps to avoid imposing an undue burden or expense" on the defendants by attempting to go forward with the depositions despite the existence of the potential conflict. (Def's Br. 3).

Fed. R. Civ. P. 45(c) provides, in pertinent part, that "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." *See also* Fed. R. Civ. P. 45(c)(3)(A)(iv) ("On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it subjects a person to undue burden."). Determining whether a subpoena subjects a witness to an "undue burden" requires a court to inquire into the subpoena's reasonableness, balancing "the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463 (2d ed. 1995).

In this case, however, it is unnecessary for the court to undertake such an inquiry. The issue propelling the motion to quash – depositions scheduled for October 1, October 2, October 7, and October 8, 2009 – has been mooted by the fact that the plaintiff has agreed to reschedule the depositions in question to accommodate the defendants' concerns (Pl.'s Br. 8) and the dates that the depositions were to have occurred on have passed.

-9-

More broadly, the court notes that the defendants' motion to quash, much like the plaintiff's motion to compel discovery of the ESI, is a product of poor communication between the two sides and an issue that is more appropriate for resolution by the parties instead of by the court. Having reviewed the electronic communications between the plaintiff's counsel and the defendants' attorneys, the court readily acknowledges that both sides have legitimate interests. The plaintiff's attorneys are understandably eager to advance the discovery in this case, particularly given some of the revelations provided in the deposition of Chesen regarding the potential destruction of the defendants' ESI.[5] The defendants' attorneys have legitimate concerns regarding proceeding with discovery when potential conflicts may have arisen that may make simultaneous representation of all of the defendants in the case impossible. While the court appreciates the issues motivating the positions of each party, the court is frustrated that the parties have failed to adequately communicate their concerns with each other. The communications of the parties reveal that no side in this litigation attempted to truly compromise or craft some sort of middle ground to resolve what ultimately amounts to a glorified scheduling dispute. In particular, the defendants have allowed the conflict issue, an issue that arose, at the latest, nearly a month ago,[6] to linger without

---

[5] As such, the court will not impose whatever costs are associated with the plaintiff providing notices of depositions to the four defendants in question.

[6] This is not to say that the issue was first brought to the defendants' attorneys' attentions for the first time three weeks ago. The court finds it incredulous that the City's attorneys did not contemplate potential conflicts arising when they initially chose to undertake the simultaneous representation of the eleven different defendants.

offering to plaintiff's counsel any update on the resolution of the conflict of interest or any suggestions as to how discovery could continue in the wake of the conflict issue. The defendants' attorneys did not hesitate to file a motion to quash the depositions in question, even when active communications between the parties were occurring regarding scheduling of the depositions. (Blackbourn Aff. ¶ 8, Ex. 6). The plaintiff is not blameless either, as it was only after the defendants' motion to quash was filed that the plaintiff's attorney decided to respond to an email from the defendants' attorney, confirming the cancellation of depositions set for October 1 and October 2, 2009.[7] Again, needless resources are wasted when the parties, in lieu of open and honest communication, lean on the court to resolve spats that could easily be settled with a simple phone call or an email to opposing counsel.

Going forward, the defendants' attorneys need to expeditiously resolve whether continuing with their current representation of all eleven of the named defendants is feasible given their ethical obligations. Given that the City's attorneys have had several weeks to resolve the dispute, the court expects the conflict issue to be resolved in a timely manner such that discovery can proceed. The plaintiff has a right to vigorously prosecute the case, a right that will not be denied by the defendants' attorneys' failure to resolve basic questions about their ability to provide competent legal advice to all of the named defendants. The issuing of a new

---

[7] The defendant's motion was filed at 1:01 PM CDT on September 30, 2009. Twelve minutes later the plaintiff's attorney opted to respond to the defendant's email asking whether two of the depositions that are the subject of the present motion were cancelled.

-11-

scheduling order provides all sides an opportunity to seriously discuss and resolve the issues related to the timing of discovery, including the scheduling of the depositions of the members of the City council. More generally, going forward, the parties need to genuinely communicate with each other, as discovery is supposed to be self-executing. The Court cannot be expected to be cast in the role of babysitter at the slightest discovery problem.

Accordingly,

**IT IS ORDERED** that plaintiff's "7.4 Motion to Compel Discovery of Electronically Stored Information" (Docket #39) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's "Emergency Motion to Sequester Electronic Storage Devices" (Docket #52) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that defendant's "Motion to Quash Notices of Deposition and Subpoenas" (Docket #54) be and the same is hereby **DENIED** as moot.

Dated at Milwaukee, Wisconsin, this 15th day of October, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-12-

Case 2:08-cv-00693-JPS   Filed 10/15/09   Page 12 of 12   Document 66